**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Marie Biscoe, | No. CV-19-01515-PHX-ROS (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, | |
| Defendant. | |

Plaintiff Donna Marie Biscoe requests leave to amend her complaint. Magistrate Judge Camille D. Bibles recommends that request be denied. (Doc. 31). Because Plaintiff's motion and proposed amended complaint do not contain sufficient facts supporting the claims against the defendants she wishes to add, the Magistrate Judge's recommendation will be accepted and the request to amend the complaint will be denied.

On May 20, 2019, Plaintiff filed her First Amended Complaint. (Doc. 11). As explained in the Court's subsequent screening order, that complaint contained a single count against Corizon Health Services, Arizona Department of Corrections Director Charles L. Ryan, and Nurse Practitioner Patricia Davis. Plaintiff's allegations focused on the failure to diagnose and treat trichomoniasis, a sexually transmitted infection. The Court interpreted Plaintiff as basing her claim against Corizon on alleged "policies, decisions, and contract restrictions and limitations" that led to Corizon not "test[ing] inmates for trichomoniasis during certain years." (Doc. 12 at 4). As for Defendant Ryan, Plaintiff alleged he was aware of Corizon's policies and took no action. And as for Defendant

Davis, she allegedly provided inadequate care for Plaintiff's medical complaints. The Court determined Plaintiff had stated a claim against Corizon based on its alleged policy of not testing but dismissed Ryan and Davis. (Doc. 12 at 4, 6).

Corizon answered the complaint and Magistrate Judge Bibles entered a Scheduling Order. (Doc. 16). According to the Scheduling Order, the parties had until December 6, 2019, to amend the pleadings. (Doc. 16). On December 2, 2019, Plaintiff moved to amend her complaint "to add Patricia Davis as a defendant . . . for her actions (inactions) in the treatment of plaintiff's serious medical needs." (Doc. 23 at 2-3). Plaintiff's motion, however, did not include a copy of the proposed Second Amended Complaint indicating how it differed from the First Amended Complaint. Therefore, Magistrate Judge Bibles ordered Plaintiff to submit such a copy of the proposed Second Amended Complaint no later than December 27, 2019. (Doc. 26).

On December 26, 2019, Plaintiff filed a new motion to amend along with a proposed Second Amended Complaint indicating the changes Plaintiff wished to make. Unlike the previous motion filed on December 2, however, the December 26 motion did not seek to add only Davis. Instead, the December 26 motion sought to add Davis and eight other individuals as defendants. (Doc. 27). Plaintiff explained that she wished to pursue a claim against Davis and the other individuals under the "Federal Tort Claims Act — Eighth Amendment." (Doc. 28-1 at 4). Corizon opposed the motion to amend, arguing it differed substantially from the motion filed on December 2 and, because the new motion was not filed until December 26, it was untimely under the Scheduling Order. (Doc. 29). On February 20, 2020, Magistrate Judge Bibles issued a Report and Recommendation ("R&R") regarding the December 26 motion to amend.

The R&R treats the December 26 motion as timely but recommends the Court deny the motion on its merits. The R&R explains the proposed Second Amended Complaint only alleges "Davis and the newly-named individuals defendants were negligent and committed malpractice with regarding to Plaintiff's medical treatment." (Doc. 31 at 8). Because the standard for asserting a claim under the Eighth Amendment requires the facts

point to more than negligence, the R&R concludes it would be futile to allow the amendment.

Plaintiff filed timely objections to the R&R. (Doc. 32). According to Plaintiff, the proposed Second Amended Complaint seeks to add "all parties that participated in depriving [Plaintiff] of adequate medical treatment and the treatment of her serious medical need." (Doc. 32 at 3). Plaintiff's objections, however, do not explain how the facts in the proposed Second Amended Complaint are sufficient to support a claim against each of the newly identified individuals.

As explained in the Court's Screening Order, "[n]ot every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment." (Doc. 12 at 5). To state such a claim, a plaintiff must allege facts showing a defendant acted with "deliberate indifference."  That is a "high legal standard" that requires a defendant do more than merely act with "negligence or lack of ordinary due care." (Doc. 12 at 5). Beyond alleging facts to meet this high standard, a plaintiff must also allege the "specific facts linking each defendant to [the claimed] violation." *Ortez v. Washington Cty., State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996). In other words, a plaintiff must allege the specific acts or inactions by each defendant that caused a violation of her rights.

The proposed Second Amended Complaint does not contain sufficient factual allegations regarding the actions or inaction of each individual defendant Plaintiff wishes to add. Plaintiff does allege some facts regarding her interactions with Defendant Davis but those facts show only negligence or malpractice. As for the eight other individuals, there are no meaningful allegations regarding what each individual did or failed to do. Plaintiff does allege that the various individuals "never recommended that any further testing for other diseases be conducted, done on [her]." (Doc. 28 at 6). But without any elaboration of the nature of Plaintiff's interactions with these individuals, there is no basis to conclude the individuals had an obligation to make such recommendations. Therefore, Plaintiff has not stated plausible claims against the individuals and her proposed

amendment would be futile.[1]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 31) is **ADOPTED**. The Motion for Leave to Amend Complaint (Doc. 27) is **DENIED**.

Dated this 8th day of May, 2020.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] The R&R also correctly observes that Plaintiff describes her proposed claim against the individuals as brought pursuant to the Federal Tort Claims Act. Those individuals, however, are not alleged to be federal employees. Therefore, to the extent Plaintiff is attempting to amend to state a claim under the Federal Tort Claims Act, such an amendment would be futile.